*624
By the Court,

Coaven, J.
In this case the common carriers, instead of alleging a general notice restricting their liability to the plaintiffs and all others,, furnished them with a special acceptance in writing, which they received, and delivered the goods accordingly. This constitutes undoubted evidence of assent on their part. One exception Avas, of casualties occasioned by fire; and the loss arose from that cause. The servants of the defendants were called as witnesses to make out a case of care ; and' the jury, under the charge of the court, allowed this as a defence.
For myself, I shall do little more than refer to my opinion in Cole v. Goodwin, (19 Wend. 281,) and the reasons for such opinion as stated in the course of that case. It was to the effect, that I could no more regard a special acceptance as operating to take from the duty of the common carrier, than a general one. I collect what would be a contract from both instances, provided it be laxvful for the carrier to insist on it; and such is the construction which has been given to both by all the courts. The only difference lies in the different kinds of evidence by which the contract is made out. When the jury have found that the goods were delivered with intent to abide the terms of the general notice, I understand a contract to be as effectually fastened upon the bailor as if he had reduced it to writing. Indeed, the contrary construction would, I think, be to tolerate a fraud on the part of the bailor. The true ground for repudiating the general notice, is, therefore, its being against public policy; and this ground goes not only to the evidence—the mode in which you are to prove the assent—but to the contract itself. After forbidding the carrier to impose it under the form of a general notice, therefore, we cannot consistently allow him to do the same thing in the form of a special notice or receipt. The consequences to the public would be the same, whether we allow one form or the other.
Common usage is, in like manner with a general notice, also evidence; and may be urged, in a proper case, as the foundation for modifying contracts. It always com.:s in *625 upon that principle when it is received at all. Yet being offer-o ed to limit the liability of packet owners, plying between New-York and Boston, to cases of neglect, it was met by Mr. Justice Story, with the following among other remarks: To admit the evidence “ would be to hold out to packet masters a premium for indifference, or carelessness, or want of vigilance in protecting the shipments confided to their care. I cannot but deem every relaxation of the common law, in relation to the duties and responsibilities of the owners of carrier ships, to be founded in bad policy and detrimental to the general interests of commerce.” (The Schooner Reeside, 2 Sumn. 567, 575.) The question before us has recently been considered, but not decided, by the supreme court of Pennsylvania. (Atwood v. The Reliance Transportation Company, 9 Watts, 87.) The reasoning of Gibson, Ch. J. who delivered the opinion, goes to confirm the views which I have expressed.
I am of opinion that the judgment of the court below should be reversed.
Nelson, Ch. J. dissented.
Judgment reversed.(a)

 See Wyld v. Pickford, (8 Mees, Weis. 443.)